UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| PAUL N. WARE and FINANCIAL SYSTEMS INNOVATION, L.L.C., | ) ) ) | |
| Plaintiffs, | ) | Cause No. 4 07-CV-122-RLV |
| vs. | ) ) | |
| ABERCROMBIE & FITCH STORES, INC., et al. | ) ) ) | |
| Defendants. | | |

## ANSWER OF SHOE CARNIVAL, INC.

Comes now Defendant Shoe Carnival, Inc. ("Shoe Carnival"), by counsel, and for its Answer to the Original Complaint of the Plaintiffs, states as follows:

## I.

## THE PARTIES

1.      Shoe Carnival is without sufficient knowledge or information to form a good faith belief as to the truth or falsity of the allegations contained in rhetorical paragraphs 1 through 91 of the Original Complaint.

2.      Shoe Carnival admits the allegations contained in rhetorical paragraph 92 of the Original Complaint.

3.      Shoe Carnival is without sufficient knowledge or information to form a good faith belief as to the truth or falsity of the allegations contained in rhetorical paragraphs 93 through 110 of the Original Complaint.

## II.

## JURISDICTION AND VENUE

4.       Rhetorical paragraph 111 of the Original Complaint asserts a conclusion or conclusions of law to which no answer is required.

5.       With respect to the allegations contained in rhetorical paragraph 112 of the Original Complaint, Shoe Carnival is without sufficient knowledge or information from which to form a good faith belief as to the truth or falsity of the allegations contained in the first sentence of said rhetorical paragraph 112.  The second sentence of rhetorical paragraph 112 asserts a conclusion or conclusions of law to which no answer is required.

## III.

## CAUSE OF ACTION FOR PATENT INFRINGEMENT

6.       Shoe Carnival is without sufficient knowledge or information to form a good faith belief as to the truth or falsity of the allegations contained in rhetorical paragraph 113 of the Original Complaint.

7.       With respect to the allegations contained in rhetorical paragraph 114 of the Original Complaint, Shoe Carnival denies that it has in any way infringed the United States Patent No. 4,707,592 ("592 patent") or otherwise induced or contributed to the infringement of the  claims in the '592 patent by others.

8.      With respect to the allegations contained in rhetorical paragraph 115 of the Original Complaint, Shoe Carnival admits that it has regular places of business within the Northern District of Georgia but denies the remaining allegations of rhetorical paragraph 115.

9.      With respect to the allegations contained in rhetorical paragraph 116 of the Original Complaint, Shoe Carnival admits that it received a notice of alleged infringement but denies that it has committed any infringement of the '592 patent.

10.      With respect to the allegations contained in rhetorical paragraph 117 of the Original Complaint, Shoe Carnival denies that it has engaged in any infringing conduct and denies that it has caused any damage to be suffered by the Plaintiffs, or either of them.

## IV.

## JURY DEMAND

11.      Rhetorical paragraph 118 of the Original Complaint does not require an answer.

## V.

## PLAINTIFFS PRAYER

12.      Shoe Carnival denies that Plaintiffs are entitled to any of the relief sought against it in the prayer of the Original Complaint.

# VI.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

The Original Complaint should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE
### LACHES

The claims made by the Plaintiffs in their Original Complaint against Shoe Carnival are barred under the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Defendant, Shoe Carnival, has not infringed and is not infringing the '592 patent.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded by prosecution history estoppel from asserting a construction of the claims of the '592 patent that would cover any product and/or system used by Defendant, Shoe Carnival.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded by the prior art from asserting a construction of the claims of the '592 patent that would cover any product and/or system used by the Defendant, Shoe Carnival.

## CERTIFICATION AS TO FONT

This is to certify that the foregoing document was prepared using Times New Roman 14 point font in accordance with LR 5.1(B).

WHEREFORE, Shoe Carnival prays that judgment  be entered in its favor and against the Plaintiffs, that the Plaintiffs take nothing by way of their Original Complaint as to Shoe Carnival, that Shoe Carnival be awarded its costs,  and for all other relief as is just and proper in the premises.

Respectfully submitted,

BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP

BY: /s/ Robert M. Brinson
Robert M. Brinson
Georgia Bar No. 082900
615 West First Street
P.O. Box 5007
Rome, Georgia  30162-5513
Phone:  (706) 291-8853
Fax:  (706) 234-3574
Email:  bbrinson@brinson-askew.com
Attorneys for Shoe Carnival, Inc.

5

OF COUNSEL:

Keith E. Rouder, Esq. (Pro Hac Vice Application submitted)
KER@bowersharrison.com
Gary K. Price, Esq.  (Pro Hac Vice Application submitted)
GKP@bowersharrison.com
Bowers Harrison LLP
Post Office Box 1287
Evansville, IN  47706-1287

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing pleading has been served upon the

following parties via the court's electronic filing system on this 30th day of

October, 2007:

>Edward Hine, Jr.
>Post Office Box 5128
>Rome, GA  30162-5128
>
>Jonathan T. Suder
>Edward E. Castro, Jr.
>Steven W. Hartsell
>Friedman, Suder & Cooke
>Tindall Square Warehouse No. 1
>604 E. 4th Street, Suite 200
>Fort Worth, TX  76102

>BY:   <u>/s/ Robert M. Brinson</u>
>       ROBERT M. BRINSON
>      Georgia Bar No. 082900

Post Office Box 5513
Rome, GA  30162-5513
(Phone - 706/291-8853)
(Fax - 706/234-3574)